IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEXANDER JONES,                    )
                                    )
          Petitioner,               )          Civil No. 07-1474-AA
                                    )              OPINION AND ORDER
      vs.                           )
                                    )
MARK NOOTH,                         )
                                    )
          Respondent.               )
————————————————————————————————    )

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
      Attorney for petitioner

John Kroger
Attorney General
Andrew Hallman
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310-4096
      Attorneys for respondent


AIKEN, Chief Judge:

      Pursuant to 28 U.S.C. § 2254, petitioner filed a petition

for writ of habeas corpus on October 4, 2007. Petitioner's claims are denied and the petition is dismissed.

## BACKGROUND

On December 7, 2001, petitioner was indicted by a grand jury in State v. Jones, Washington County Circuit Court Case No. C013282CR, for Robbery I, Robbery II, Burglary I and Assault II. At trial, the evidence showed that petitioner and an accomplice, Cohens, accompanied the victim, Babcock, to his apartment for the purpose of selling him crack cocaine.  At the apartment, petitioner and Cohens attacked Babcock, took his wallet and debit card, and forced him to provide them with the card's password. As Cohens was leaving to withdraw money from Babcock's account, Cohens instructed petitioner to strike Babcock with an electric guitar if Babcock moved.  Petitioner stuck Babcock with the electric guitar, causing physical injury.  Petitioner and Cohens then used Babcock's debit card to take money from Babcock's account.  After a jury trial on August 20, 2002, petitioner was convicted of Kidnapping, Assault, and two count of Robbery. Petitioner was sentenced to partially consecutive sentences totaling 102 months.

Petitioner sought direct appeal of his conviction, but the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Petitioner then sought post-conviction relief (PCR) alleging several instances where he believed trial

Page 1 - OPINION AND ORDER

counsel had been legally ineffective.  Petitioner proceeded to
trial and the PCR court denied relief.  Petitioner appealed the
decision, but the Court of Appeals affirmed without opinion, and
the Oregon Supreme Court again denied review.

Petitioner raises four grounds for relief in his habeas
petition.  In his memo, however, petitioner briefs only one
ineffective assistance of counsel claim, which is not raised in
his petition.  Petitioner fails to brief any claims that are
raised in his petition.

In his brief, petitioner asserts that he received
"ineffective assistance from counsel when his trial counsel
failed to investigate, prepare and present a defense to the
specific intent elements of the charges."  In his petition,
petitioner alleges only that he was "denied effective assistance
of trial counsel under the 6th Amendment in that: . . . (7)
Ineffective Assistance of Counsel."  Petitioner listed additional
grounds of ineffective counsel not relevant to a specific intent
defense.

## **DISCUSSION**

A.  Standard of Review for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), federal courts must afford the state court's
factual findings and legal rulings a defined measure of
deference.  See 28 U.S.C. §§ 2254(d), (e).  A federal court may

not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d).  The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case."  Williams v. Taylor, 529 U.S. 362, 381 (2000).

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent.  Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007).  Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an unreasonable application' of clearly established federal law."  Early v. Packer, 537 U.S. 3, 11 (2002)(emphasis in original).

B.  Procedurally Defaulted Claims

Respondent asserts that petitioner's ineffective assistance claim is procedurally defaulted because he failed to include it in his PCR petition and failed to raise it on appeal.

Habeas petitioners are required to exhaust state remedies on

all claims alleged in their § 2254 petition unless it appears
there is an absence of available state corrective process, or
circumstances exist that render such process ineffective to
protect the petitioner's rights.  28 U.S.C. § 2254(b)(1).  In
order to properly exhaust state remedies, "the state prisoner
must give the state courts an opportunity to act on his claims
before he presents those claims to a federal court in a habeas
petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To
"fairly present" a federal claim in state court, habeas petitions
must "include reference to a specific federal constitutional
guarantee, as well as a statement of facts that entitle the
petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63
(1996).  See also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.
1999) (habeas petitioner must have "alert[ed] the state courts to
the fact that he was asserting a claim under the United States
Constitution").  The United States Supreme Court states:

> ordinarily a state prisoner does not 'fairly present'
> a claim to a state['s] [appellate] court if that court
> must read beyond a petition or a brief (or a similar
> document) that does not alert it to the presence
> of a federal claim in order to find material, such
> as a lower court opinion in the case, that does so.

Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Hiivala also holds, "the mere similarity between a claim of state
and federal error is insufficient to establish exhaustion."
Hiivala, 195 F.3d at 1106.  The exhaustion requirement is not
"satisfied by the mere circumstance that the 'due process

ramifications' of an argument might be 'self-evident.'" <u>Gatlin</u>
<u>v. Madding</u>, 189 F.3d 882, 888 (9th Cir. 1999); <u>see</u> <u>also</u> <u>Anderson</u>
<u>v. Harless</u>, 459 U.S. 4, 7 (1982).

 <u>Reese</u> held that the petitioner did not "fairly present" his
federal claim to a state court because his petition did not
explicitly state his "ineffective assistance of appellate
counsel" claim "refer[red]  to a federal claim" in addition to a
state claim.  <u>Reese</u>, 541 U.S. at 33.  The Court noted that
Reese's "petition refer[red] to provisions of the Federal
Constitution in respect to <u>other</u> claims but not in respect to
that one.  The petition provide[d] no citation of any case that
might have alerted the court to the alleged federal nature of the
claim." <u>Id.</u> (emphasis in original)

 Similarly, in <u>Duncan v. Henry</u>, the Court found the
"respondent did not apprise the state court" that one of his
claims was a violation of both state law and 14th Amendment due
process when he "specifically rais[ed] a due process objection
before the state court based on a different claim."  513 U.S.
364, 365 (1995).  <u>Duncan</u> held that claim was not exhausted
because it had not been "fairly presented" to the state courts.
513 U.S. 364, 365-66 (1995).

 As discussed above, failing to alert the state court to a
federal issue results in a procedurally defaulted claim.
Moreover, a federal claim is "fairly presented" to the state

Page 5 - OPINION AND ORDER

courts only if it was properly presented to: (1) the state's Supreme Court; (2) as a federal question; (3) in the appropriate petition or brief; and (4) in the proper procedural context so that its merits would be considered.  If a petitioner failed to "fairly present" his federal claims to the state courts, and can no longer do so under state law, then petitioner's state court remedies are technically exhausted.  Coleman v. Thompson, 501 U.S. 722, 732 (1991).  Further, the claims are then also procedurally defaulted because the state court remedies were not properly exhausted.  O'Sullivan, 526 U.S. at 848.

In his brief, petitioner alleges that counsel was ineffective for failing to present a defense that petitioner could not form the specific intent necessary to commit the charged offenses due to his mental deficiencies.  Petitioner failed to raise this claim in his PCR proceeding.  Although, in petitioner's PCR petition, he did raise a similar claim, that "trial counsel was ineffective for failing to pursue a defense that [he] lacked the required mental state to commit the crimes." However, during his PCR proceedings, petitioner claimed that he lacked specific intent due to his alcohol and drug use. Petitioner testified in his deposition and at trial that he lacked the requisite intent because he was "chemically unbalanced" due to alcohol and drug use.  This argument relies on trial counsel presenting a defense (Or. Rev. Stat. 161.125(1))

which allows evidence of alcohol and drug impairment to negate specific intent.

Here, petitioner alleges that trial counsel should have argued that he could not form specific intent due to his mental deficiencies.  That argument is based on Or. Rev. Stat. 161.300, which allows evidence of a mental disease or defect to negate specific intent.  Because petitioner is now arguing a different claim that was considered by the state courts, petitioner's claim is defaulted.  As noted above, the "mere similarity of claims is insufficient to exhaust."  <u>Duncan</u>, 513 U.S. at 365-66.

Even assuming that petitioner raises the same claim here that he raised in his PCR petition, his claim is defaulted because he failed to include this claim in his PCR brief to the Oregon Court of Appeals.  Even broadly construed, petitioner's ineffective assistance claim raised in his brief before this court was not "fairly presented" to Oregon's highest court.  It is therefore defaulted.  <u>Carriger v. Lewis</u>, 971 F.2d 329, 333- 34 (9th Cir. 1992)(ineffective counsel claims are discrete and each must be properly exhausted or it will be defaulted).

Petitioner is barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.  Therefore, petitioner has procedurally defaulted on his claims.  Further, I find no evidence of "cause and prejudice" for

Page 7 - OPINION AND ORDER

failing to fairly present these federal claims in state court, nor do I find evidence that petitioner's convictions resulted in a "fundamental miscarriage of justice" because he is actually innocent.  Petitioner's claims are procedurally defaulted and therefore dismissed.

<u>**CONCLUSION**</u>

Under the AEDPA, this court must defer to the decision of the PCR court.  Petitioner procedurally defaulted on his claims and failed to demonstrate either "cause and prejudice" for that failure or any evidence of "actual innocence."  Therefore, petitioner's federal habeas petition is denied and this case is dismissed.

IT IS SO ORDERED.

Dated this _8__ day of November 2010.


_____
/s/ Ann Aiken
Ann Aiken
United States District Judge


Page 8 - OPINION AND ORDER